### WILEY WILLIAMS v. S. W. YOE.

Decided January 3, 1900.

1. **Landlord and Tenant—Access to Upper Room.**

One who lets to a tenant a room on an upper floor of his building has no right, though for the protection from trespassers of his own property in other rooms upon the same floor, to close the door giving access to the entire floor in such way as to prevent the tenant's use of the room leased by him.

2. **Requested Charge—Bad in Part.**

The trial court is not required to separate the good from the bad in a requested charge bad in part, and give so much as is proper.

3. **Assignment of Error.**

An assignment that "the court erred in not granting defendant's motion for a new trial, because the verdict is not supported by the evidence or the charge of the court," is too general to be considered.

APPEAL from San Saba. Tried below before Hon. M. D. SLATOR.

*Leigh Burleson*, for appellant.

*Chas. L. Lauderdale*, for appellee.

COLLARD, ASSOCIATE JUSTICE.—Suit by appellee S. W. Yoe, against appellant, Wiley Williams, in District Court of San Saba County, for actual and exemplary damages for alleged wrongful and malicious acts,—fastening the door leading to his office in appellant's two-story building in San Saba, declaring that appellant, the defendant below, would not permit him to enter his office or remove his books and furniture.

Verdict for plaintiff for $35 actual and $130 exemplary damages, and judgment accordingly, from which this appeal is taken.

There are two assignments of error. The first assignment complains of the refusal of the court to give two charges requested by the defendant, both in the same request.

The second charge, or rather the second item of the charge, is to the effect that if the defendant had goods in the second story and the door was open, then defendant had the right to close and fasten the door to protect his property.

The charge was too broad, and, without qualification, was not the law of the case. Defendant did not have the right to close and fasten the door, keeping plaintiff out of his office, or preventing his access thereto. He closed and fastened the door, so that plaintiff could not get to his office on the morning after it was fastened by defendant. Though he had rented it from defendant and had the key to the door at the entrance down stairs, yet it was so fastened that he could not open it with the key. Defendant did not have the unqualified right to close and fasten the door, as stated in the requested charge. While some other part of the charge asked may have been correct, it was not the duty of the court to separate it from the objectionable part and give it to the jury. We find that there was no error in refusing the charge as presented.

The next and only other assignment of error is that "the court erred in not granting defendant's motion for a new trial, because the verdict is not supported by the evidence or the charge of the court."

This assignment is too general, as has often been decided; it points out no error and can not be considered.

We are not prepared to say that the evidence does not support the verdict for both actual and exemplary damages.

There are no other questions in the case. The judgment of the lower court is affirmed.

*Affirmed.*