## W. J. LOWRANCE ET AL. v. JOHN W. WOODS.

### Decided February 27, 1909.

**1.—Injunction—Deed—Restriction upon Use.**

A certain block in a town was set apart and designated by the owner as residence property exclusively. In a deed to W. for several lots in the block, it was stipulated that said lots should not be used as a feed or wagon yard. Afterwards several lots in the same block were conveyed to L. This deed con-

tained no restrictions upon the use to which the lots might be put, but L. had notice at the time of his purchase that the block was dedicated to residence purposes only and agreed with the vendor not to establish a wagon or feed yard on said lots. W. afterwards built and made his home upon the lots purchased by him. Held, said facts authorized an injunction restraining L. from establishing a feed and wagon yard on his lots.

**2.—Same—Breach of Covenant.**

The mere fact that a breach of a covenant concerning the use of property is threatened, is a sufficient ground for the issuance of an injunction; whether or not the breach would inflict injury upon the covenantee is immaterial.

**3.—Briefs—Grouping Assignments.**

When several assignments of error are grouped and the propositions thereunder raise different and distinct questions of law, the assignments will not be considered.

**4.—Trial—Special Issues—Presumption.**

When a case is tried upon special issues, the appellant cannot complain of the failure of the trial court to submit a material issue, in the absence of a request by him so to do; and in support of the judgment it will be presumed that the court determine said issue as required by the judgment.

**5.—Sale—Date of Consummation.**

When a receipt for the first payment on land is so indefinite that it will not support an action for specific performance, the date of the deed thereafter executed will be considered as the date of the purchase.

**6.—Dedication—Evidence.**

The issue being whether or not a certain block in a town had been reserved for résidence purposes only, deeds to lots in the vicinity of said block executed by the owner and containing restrictions against the use of said lots for purposes inconsistent with the use of the block for residences, were competent evidence.

Appeal from the District Court of Fisher County. Tried below before Hon. C. C. Higgins.

*Beall Bros. & McDugald,* for appellants.

*Harry Tom King* and *A. H. Kirby,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—The decision of this court on a former appeal of this case is reported in 49 Texas Civ. App., 542, John W. Woods being the appellant and W. J. Lowrance et al. appellees. The suit was instituted in the District Court of Fisher County by John W. Woods against W. J. Lowrance and M. Hardin to enjoin them from using their lots 8, 9 and 10 in block 53, and buildings thereon, in the town of Rotan, as a feed and wagon yard. Plaintiff is the owner of lots 6 and 7 in the same block and adjoining defendant's property, and occupies his property as a place of residence for himself and family, having improved it for that purpose. Upon plaintiff's application therefor the judge of the District Court granted a temporary writ of injunction restraining the defendants from using their property for feed and wagon yard purposes pending the litigation, which was made perpetual by final judgment rendered upon

the merits of the case, and from this judgment the defendants have appealed.

The town site for the town of Rotan was laid out and platted by the Rotan Town Site Company. Plaintiff purchased lots 6 and 7, block 53, from that company February 25, 1907, defendant Lowrance purchased lots 9 and 10 of the same block from the same company April 17, 1907, and lot 8 in that block was purchased from that company by H. B. Lewis February 25, 1907, who sold it to Lowrance November 2, 1907. The deed to Woods contained a stipulation that the property therein conveyed should not be used as a feed or wagon yard, but the deeds to Lowrance and Lewis were warranty deeds without restrictions upon use of the property conveyed. The case was tried before a jury who, upon special issues submitted, returned the following findings of fact, to wit: The Rotan Town Site Company as a part of the general scheme of platting and laying out and sale of the property belonging to it, designated and set apart block 53, in which the property of plaintiff and defendant is situated, as residence property exclusively, and W. J. Lowrance and John W. Woods each purchased their respective properties with knowledge of that fact, and when Lowrance purchased lots 9 and 10 he agreed with the Town Site Company not to erect a wagon or feed yard thereon. Woods has erected his dwelling on the property so purchased by him, and Lowrance and Hardin own a wagon yard established on the adjoining property, which was erected after Woods erected his dwelling and which defendants are threatening to operate as a wagon yard and feed yard.

These findings we think authorized and required the rendition of the judgment perpetuating the injunction. The effect of such a dedication of block 53 by the Town Site Company, as was found by the jury, was equivalent to a covenant with Woods in the purchase of his property, that the company would limit the use of all other lots owned by it in that block to residence purposes, and this covenant was binding upon Lowrance, who had knowledge of such dedication when he purchased the property now proposed to be used as a wagon and feed yard. (Lamar Co. v. Clements, 49 Texas, 354; Weynard v. Lutz, 29 S. W., 1097; Corsicana v. White, 57 Texas, 383; State v. Travis Co., 85 Texas, 441; Wolf v. Brass, 72 Texas, 136; Lewis v. Galmer, 26 Am. St. Rep., 516; 22 Cyc., 862; Anderson v. Rowland, 18 Texas Civ. App., 460, and other authorities there cited; also Temple v. Sanborn, 41 Texas Civ. App., 65, and Tallmadge v. East River Bank, 26 N. Y., 105.)

In the case of Anderson v. Rowland, *supra,* the court quoted with approval the following language from the case of Kirkpatrick v. Peshine, 24 N. J. Eq., 216, which is also quoted in 2 High Inj., 115-8: "The mere fact that a breach of the covenant is intended is a sufficient ground for the interference of the court by injunction. A covenantee has the right to have the actual enjoyment of the property *moda et forma* as stipulated for by him. It is no answer to say that the act complained of will inflict no injury on him or will be even beneficial to him. It is for the plaintiff to judge whether the agreement shall be kept as far as he is concerned, or whether

he will permit it to be violated. It is not necessary that he should show that any damage has been done. It being established that the acts of the defendant are a violation of the contract, the court will protect the complainant in the enjoyment of the right he has purchased."

In the case of Tallmadge v. Bank, *supra,* a person owning several lots fronting on a street sold one under a parol agreement that the buildings on the other lots would be set back eight feet from the street, and it was held that an injunction would lie to restrain a subsequent vendee of one of the other lots with notice of the agreement from building contrary to this restriction, although his deed was absolute and without any such restriction.

In appellants' brief their first, second, third, fourth and fifth assignments of error are all grouped and propositions made under two or more of them raising different and distinct questions of law. This is in violation of the rules for briefing cases on appeal and the assignments can not therefore be considered. (Evans v. Jackson, 41 Texas Civ. App., 277.) The same holding applies to appellants' eighteenth, nineteenth and twenty-second assignments.

Previous to receipt by Lowrance from the Town Site Company of deed to the property purchased by him, he had made a partial payment, taking a receipt therefor, and appellants contend that the jury should have been directed to find whether or not Lowrance at that time, instead of at the date he received his deed, had notice that block 53 had been designated as residence property exclusively. It does not appear that appellants requested the submission of that issue, and if a finding by the court favorable to appellee on that issue is necessary to sustain the judgment rendered, it will be presumed that the court so found. (Sayles' Revised Statutes, article 1331.) However, appellants have copied in their brief the receipt taken by Lowrance at the time the first payment was made, which is as follows: "Received of W. J. Lowrance $216 in further consideration of the execution of two notes for $216 each, due in one and two years at eight percent and upon the delivery of said notes the Rotan Townsite Company will execute a warranty deed." This instrument was not sufficient to support an action by Lowrance for specific performance, and we are of the opinion that the date Lowrance received his deed should be considered the date of his purchase.

Several deeds from the Town Site Company to persons other than those who were parties to the suit were introduced in evidence over defendants' objections. These deeds contained restrictions against the use of the property conveyed for wagon and feed yards just as were contained in the deed to Woods. The property conveyed in these deeds was in the vicinity of block 53 and the deeds were admissible as tending to show dedication of that block for residence purposes exclusively.

In addition to the special findings by the jury above noted, there were further findings that Lowrance promised Woods that he would not erect a wagon or feed yard on his property before Woods began the erection of his dwelling; that Woods erected his dwelling relying on that promise, and that the use of defendants' property as a wagon

and feed yard in the manner that wagon and feed yards are ordinarily conducted would create a nuisance to Woods and his family. Appellants present numerous assignments of error to the submission of some of these issues, to the admission of testimony in support of some, and to the exclusion of testimony offered by defendants upon others, but none of the testimony bears upon the issues passed on by the jury and first above noted.

As above said, we think the findings by the jury that block 53 had been designated as residence property exclusively, and that the purchase by Woods and Lowrance with notice of that fact, that Woods now occupies his property as a residence, and that defendants are threatening to use their property as a wagon and feed yard, are sufficient to support the judgment rendered by the court, and as there is nothing in the record to show that the judgment was not rendered upon those findings, the presumption will be indulged that such was the decision of the trial court. (Walker v. Cole, 89 Texas, 327; Moore v. Brown, 27 Texas Civ. App., 209; Hardin v. Jones, 29 Texas Civ. App., 351.)

It is therefore unnecessary to discuss the assignments relating to the other issues and the judgment of the trial court is affirmed.

*Affirmed.*