## HIGBY v. KIRKSEY.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 6, 1913. Rehearing Denied Jan. 17, 1914.)

1. PLEADING (§ 34*)—GENERAL DEMURRER—CONSTRUCTION.

In passing upon a general demurrer, the petition must be liberally construed, giving effect to its every reasonable intendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

2. LANDLORD AND TENANT (§§ 132, 150*)—ENTRY—REPAIRS—RENT—DAMAGES.

In the absence of a provision so allowing in the contract of lease and of consent by the tenant, a landlord has no right of entry upon the leased premises, even to make needed repairs; and a tenant may recover all damages proximately resulting from such entry, even though the rent has not been paid and the tenant is only there by sufferance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 460–464, 467–469, 536, 538, 544–548, 555, 556, 1198; Dec. Dig. §§ 132, 150.*]

3. LANDLORD AND TENANT (§ 132*)—GENERAL DEMURRER—CONSTRUCTION.

Where in a suit one count charged malicious ouster and claimed exemplary damages, and other counts for damages for unlawful entry were good and susceptible of a construction that malice was charged, the plaintiff will be held to have stated a cause of action for exemplary damages as against a general demurrer, although the count did not state a cause of action for wrongful ouster.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 460–464, 467–469, 1198; Dec. Dig. § 132.*]

4. LANDLORD AND TENANT (§ 132*)—EVIDENCE—RELEVANCY.

Where a landlord was charged with unlawful entry and a subsequent groundless suit of ouster, evidence that the landlord had been shown receipts for the rent, and notwithstanding brought the suit for ouster, was relevant to an issue of exemplary damages for unlawful entry, although the petition did not authorize a recovery on the ground of the wrongful ouster suit.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 460–464, 467–469, 1198; Dec. Dig. § 132.*]

5. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—EVIDENCE—OBJECTIONS.

An objection to evidence is unavailing for reversal, where evidence of like effect has been received without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

6. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—EVIDENCE RELATING TO ISSUE NOT SUBMITTED.

Irrelevant or immaterial evidence relating to an issue not submitted by the court's charge will not work a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4184; Dec. Dig. § 1053.*]

7. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—EVIDENCE—DAMAGES.

Objectionable evidence or argument which merely tends to swell the damages is harmless, in the absence of a complaint that the verdict is excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

Appeal from Tarrant County Court for Civil Cases; Charles T. Prewitt, Judge.

Suit by Mrs. M. L. Kirksey against L. L. Higby. Judgment for plaintiff, and defendant appeals. Affirmed.

Q. T. Moreland, of Ft. Worth, for appellant. Jas. E. Mercer, of Ft. Worth, for appellee.

CONNER, C. J. Appellee recovered a judgment in the county court of Tarrant county for civil cases for $155. Her original petition upon which the trial proceeded, omitting the prayer and formal parts, is as follows: "Comes now Mrs. M. L. Kirksey, who resides in said county and state, hereinafter called plaintiff, complaining of L. L. Higby, who resides in Tarrant county, Tex., hereinafter called defendant. For cause of action in her behalf plaintiff pleads as follows: That she was a tenant of defendant for more than three years prior to April 15, 1912, occupying a cottage owned by defendant at 1006 E. Bluff street, in the city of Ft. Worth, in said county and state, plaintiff paying defendant $8 per month rent therefor; that on or about 20th day of March, while your plaintiff was sick and confined to her bed, defendant sent carpenters, painters, and other workmen to remodel and repair said house; that defendant knew the physical condition of plaintiff; that notwithstanding said conditions of your plaintiff defendant ordered his said workmen to proceed with the repairs; that said work was done under the protest of plaintiff and plaintiff's physician; that on account of the noises and confusion made and the odor of the paints used by said workmen your plaintiff became completely prostrated and very sick; that said sickness was prolonged for more than a month, incurring a physicians' bill amounting to $50, and medicine bill amounting to $5 all which was necessary and is just and reasonable; that during said period of illness your plaintiff suffered much physical pain and mental anguish, to her damage in the sum of $200. Plaintiff further alleges that defendant, on April 5th, instituted ouster proceedings against your plaintiff in the justice's court, precinct No. 1, in said county; that said writ of ouster was obtained under false and malicious allegations and representations of defendant to said court; that plaintiff has always paid her rent promptly; that at the time of the issuance of said writ of ouster your plaintiff had her rent paid up to and including April 15, 1912, all of which said defendant well knew, or by the exercise of ordinary diligence would have known; that for the said willful and malicious acts on part of said defendant and malicious prosecution plaintiff is entitled to exemplary damages in the sum of $150. Plaintiff further alleges that by the malicious prosecution and unlawful ouster proceedings and malicious

treatment on part of defendant's agents she suffered actual damages in the sum of $200 as before alleged."

[1, 2] Appellant's first, and apparently principal, assignment of error complains of the action of the court in overruling his general demurrer to appellee's petition, his proposition being that "plaintiff's petition did not state a cause of action, and contained no allegation of liability on the part of defendant." Regardless of appellee's objection to the sufficiency of the statement quoted, we find no error in the ruling complained of. In passing upon a general demurrer the petition must be liberally construed, giving effect to its every reasonable intendment, and, so construing the petition under consideration, we think it states a cause of action. It alleges facts sufficient to constitute appellee a tenant under appellant of the premises in controversy, with right of exclusive possession, which was invaded by the landlord to her damage over her protest. In the absence of a provision so allowing in the contract of lease, and of a consent by the tenant, the landlord has no right of entry upon the leased premises even to make needed repairs. See O'Connor v. Andrews, 81 Tex. 28–33, 16 S. W. 628; Taylor's Landlord & Tenant, § 174; 22 Cyc. p. 1092. And for an unauthorized entry on the part of the landlord, the tenant may recover all damages proximately resulting therefrom. See Jenner v. Carpenter, 48 S. W. 46; Williams v. Yoe, 22 Tex. Civ. App. 446, 54 S. W. 614; Gross v. Hays, 73 Tex. 515, 11 S. W. 523; 24 Cyc. p. 1056 (iii), and cases cited in note 78. We must accordingly overrule the first assignment of error and its accompanying proposition.

Nor do we think the court erred in refusing appellant's requested peremptory instruction. The contention that "there were no allegations in plaintiff's petition justifying the admission of any evidence showing defendant's liability" is sufficiently answered by what we have said in disposing of the first assignment, and, after carefully considering the evidence, we feel unable to say that "there was no evidence at all to support the verdict." Appellee's testimony at least raised the material issues presented in her petition, and the court, therefore, could not properly take them from the jury. She testified to the tenancy and to an entry and repairs without her consent, and to resulting discomfort and sickness, and the fact, if so accepted, that she was in default in the payment of rent, or that appellant did not know of appellee's physical condition, will not relieve appellant of all liability for an unwarranted entry and trespass. Appellee was at least a tenant by sufferance, and the burden was upon appellant to show that he had appellee's consent to enter. No character of entry otherwise, save such as the stat-. utes provide, was authorized, whatever appellee's condition or default. Moreover, there was evidence tending to show that appellant was informed that appellee was sick, and that she had paid her rent to one, whose act in receiving, it may be said appellant ratified.

[3, 4] So, too, we think appellant's assignments relating to the introduction of evidence must be overruled. Indulging every reasonable intendment in favor of appellee's petition, as is our duty, there being only a general demurrer which questions its sufficiency, it is susceptible of the construction that malice in appellant's unlawful entry is charged, as well as in the institution of the ouster suit; exemplary damages being claimed. If so, the evidence complained of in the fourth and fifth assignments of error, to the effect that she had paid her rents and exhibited her receipts therefor, notwithstanding which appellant thereafter gave her written notice to quit, and instituted a groundless action to oust her, would all seem relevant to the issue of exemplary damages for the unlawful entry, regardless of the insufficiency of the petition to authorize a recovery on the ground of the wrongful ouster suit alone.

[5] Moreover, appellee was permitted to testify without objection that "when he [appellant] came about the 19th of March, and gave me notice to vacate, and it made me sick." This is substantially the same, in so far as objectionable, as the statement complained of in the fourth assignment, except that in the statement complained of the notice to vacate was on April 5th. It has often been held that objection to evidence is unavailing where evidence of like effect has been received without objection.

[6] Furthermore, as the writer thinks, if it be conceded that the testimony under consideration is subject to the objections urged thereto, it is nevertheless harmless, and its admission should not cause a reversal. Under the undisputed proof appellant committed a trespass upon appellee's possession which rendered appellant liable for all the actual damage thereby proximately caused, and no other character of damage was authorized by the court's charge, or in fact found by the jury. Nor is there any complaint of the verdict as excessive. The evidence now under consideration is objected to as immaterial, irrelevant, prejudicial, and without basis in the pleading.

[7] But it has often been said that objectional evidence or argument which merely tends to swell the damages is harmless, in the absence of a complaint that the verdict is excessive. See M., K. & T. Ry. Co. v. Lynch, 40 Tex. Civ. App. 543, 90 S. W. 511; Ry. Co. v. Cockrill, 111 S. W. 1093; S. W. States Portland Cement Co. v. Young, 140 S. W. 378. So has it often been held that irrelevant or immaterial evidence, relating to an issue not submitted by the court's charge, will not work a reversal of a judgment. See Devine v. U. S. Morg. Co., 48 S. W. 585; Ry. Co. v. St. John, 88 S.

W. 297; Lowrance v. Woods, 54 Tex. Civ. App. 233, 118 S. W. 551, and cases cited, 1 Encyc. Dig. Tex. Repts. p. 810 (i). In view, therefore, of the fact that neither the issue of exemplary damage nor of actual damage because of appellant's ouster suit was submitted, and of the further fact that no complaint is made of the verdict or judgment for actual damages because of appellant's unlawful entry, to which the recovery was limited by the court's charge, it would certainly seem to the writer that the testimony questioned is harmless, as stated, and should not, under the operation of rule 62a (149 S. W. x), work a reversal of the judgment.

The submission of the issue of whether appellant knew of appellee's sickness was favorable to appellant rather than otherwise, and we have felt unable to say that the evidence did not warrant the submission of the issues of whether defendant's workmen, in making the repairs complained of, made noises and spread offensive odors of paint, which caused appellee mental pain and sickness. So feeling impelled, we overrule all objections to the court's charge and affirm the judgment.