This rule was announced by the court through Mr. Justice Wheeler in Little v. Morris, 10 Tex. 267, and is unequivocally reaffirmed in State v. Morris, 86 Tex. 228, 24 S. W. 393, as in numerous other cases.

[4] It ought not to be necessary to say that no opinion is expressed by this court as to whether the proceedings in the removal case in either the district court or in the Court of Civil Appeals were free from error. It is enough to say that this motion in no wise invokes the appellate jurisdiction of this court, under which alone it is authorized to set aside judgments or orders of lower courts for errors in the exercise of jurisdiction granted by the Constitution and laws of the state. The refusal of the writ of mandamus will in no wise prejudice the review, on writ of error, of the decisions of the Court of Civil Appeals, should this court's appellate jurisdiction be invoked in the mode pre-scribed by law. Ex parte Lipscomb (Tex. Sup.) 239 S. W. 1104.

Because established principles regulating the writ of mandamus forbid its issuance on the averments of relator's petition, it is ordered that the motion for leave to file the. petition be, and the same is, overruled.

---

**ROBINSON et al. v. SEALES et al.**
(No. 8179.)

(Court of Civil Appeals of Texas. Galveston. March 24, 1922. Rehearing Denied June 15, 1922.)

1. **Descent and distribution** ⊛⇒58—Surviving wife of intestate without heirs is entitled to whole estate.

Under Rev. St. art. 2462, subd. 2, the surviving wife of an intestate without surviving children, parents, brothers, or sisters, or their descendants, is entitled to the whole of his estate, charged only with the debts thereof, subject to her homestead rights.

2. **Executors and administrators** ⊛⇒329(2)— Homestead continued as to surviving wife cannot be sold to pay ordinary debts of decedent.

A deceased husband's homestead, if continued as the home by his surviving wife and her family, cannot be sold to pay debts of his estate except those due for the purchase money, taxes, and for work and material contracted for in writing with the wife's consent for use in constructing improvements thereon, regardless of whether the homestead has been set aside by him as required by law (Rev. St. arts. 3422, 3427).

3. **Executors and administrators** ⊛⇒349(2)— Order directing sale of homestead to pay ordinary debts may be attacked either directly or collaterally.

An order directing the sale of a decedent's homestead, which is continued as the home by his surviving wife and her family, to pay other debts of decedent than the purchase money, taxes, etc., is void, and both it and the sale thereunder may be attacked either directly or collaterally.

4. **Descent and distribution** ⊛⇒90(5)—Daughter of surviving wife of intestate without heirs may recover possession of entire homestead for herself and cotenants, but cannot recover judgment for title to whole property.

On the death of the surviving wife of an intestate without heirs, her daughter may recover judgment for possession of his entire homestead for herself and cotenants as heirs of their mother, who, under Rev. St. art. 2462, takes the entire estate, as against trespassers claiming title under purchasers at a sale under a void order directing sale to pay ordinary debts of the estate, but cannot recover judgment for the title to the whole property.

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. Appeal and error ⬾931(4)—Court awarding title and possession of entire homestead presumed to have found that plaintiff was intestate's child as alleged.

In an action to recover title and possession of an intestate's homestead, where the court found that intestate was the reputed father of plaintiff, that he married her mother after she was born, and facts tending to show that after such marriage he recognized plaintiff as his child, and rendered judgment awarding plaintiff title as well as possession of all the land, the appellate court will presume, in the absence of a statement of facts, that the court found that plaintiff was intestate's child, and hence capable of inheriting his estate under Rev. St. art. 2472, and that there was sufficient evidence to support such finding, as otherwise the judgment would have been impossible.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Suit by Elmer Seales and husband against Tom Robinson and others. Judgment for plaintiffs, and defendants Robinson and others appeal. Affirmed.

James T. Ryan, of Centerville, for appellants.

B. D. Dashiell, of Jacksonville, and Kittrell & Kittrell, of Houston, for appellees.

LANE, J. This suit was brought by appellee Elmer Seales, joined pro forma by her husband, Gus Seales, against J. G. Lockridge, Tom Robinson, Gabe Benson, Alice Benson, Jerry Benson, and others whom it is unnecessary to mention, to recover the title and possession of 200 acres of land, described by metes and bounds in the plaintiff's petition, the same being a part of Booker survey, in Leon county, Tex.

The plaintiff Elmer Seales alleged that Nathan Nash, her father, was the owner of 267 acres of land, of which the 200 acres sued for is a part; that her said father and her mother, Mahaley Nash, occupied and lived upon said 267 acres of land as their home until December, 1904, at which time Nathan Nash died, and that after his death she, then being a minor, and unmarried, and her mother continued to occupy and live upon said land as their home; that after the death of Nathan Nash his wife, Mahaley Nash, qualified as administratrix of his estate; that thereafter, in April, 1906, the probate court of Leon county ordered that 200 acres of the said 267 acres be set aside to Mahaley Nash and her (Elmer) as their homestead; that in said order it was provided that said 200 acres so set aside was to be designated by the said Mahaley Nash, but that Mahaley Nash died in June, 1906, without having made such designation; that at the time of the death of Mahaley Nash, her mother, she (Elmer) was a minor, and the only remaining constituent member of the family of Nathan and Mahaley Nash; that on the 13th day of November, 1906, one Watson qualified as administrator de bonis non of the estate of Nathan Nash, and thereafter sold the whole of the 267-acre tract of land, under orders of court, for the purpose of paying the debts of Nathan Nash, who was insolvent at the time of his death. She alleged further that she has never acquired another home since the death of her mother, and that she has designated and does designate the 200 acres of land sued for as her homestead.

Appellants, who were defendants in the court below, answered by plea of not guilty, and by pleading the three and five year statutes of limitation.

The cause was submitted to the court without a jury, and upon hearing the evidence the court rendered judgment in favor of appellee Elmer Seales against appellants J. G. Lockridge, Tom Robinson, Lila Benson, Patrick Benson, Alice Benson, and Jerry Benson for the title and possession of the 200 acres of land sued for.

No statement of facts has been filed in this court, and we must therefore look to the facts as found by the court in determining the issues joined by the parties on this appeal.

The material facts found by the court are as follows:

Nathan Nash owned the 267 acres of land, of which the 200 acres sued for by Elmer Seales is a part, as early as 1893; that while owning said land he married Mahaley Sparks, who at the time of such marriage had seven or eight children, one of whom was Elmer, the plaintiff in this suit; that from the time Nathan Nash married Mahaley they and Mahaley's children lived upon the said 267 acres of land as their homestead; Nathan Nash died in December, 1904, and Mahaley Nash and her children continued to live upon said land as their homestead; Mahaley Nash was appointed administratrix of the estate of Nathan Nash, and qualified as such administratrix on the 10th day of January, 1906; at the April term of the probate court Mahaley Nash made an application to said court to have 200 acres of the said 267 acres of land set aside to her and her minor child, Elmer, who resided with her, as their homestead; on the 16th day of April, 1906, the probate court entered an order directing that the application of Mahaley Nash be granted, and that 200 acres of the 267 acres should be designated by Mahaley as the homestead of herself and child, Elmer; on the 14th day of June, 1906, less than two months after said application to set aside the homestead was granted, and before the next term of the probate court convened, Mahaley Nash died without having reported any designation of her home-

stead, and left her minor child, Elmer, residing at her home, situated on the said 267-acre tract; on the 13th day of November, 1906, William Watson qualified as administrator de bonis non of the estate of Nathan Nash, and on the 24th day of January, 1907, filed an application to sell the lands belonging to said estate to pay the debts of Nathan Nash; this application was granted, and the whole of the 267· acres of land was sold under orders of the probate court by said ·administrator de bonis non to Anderson, Evans & Evans, to whom a deed was by the said administrator executed and delivered; the application for the sale, the order of sale, and the deed by which the 267 acres of land were conveyed to Anderson, Evans & Evans each referred to the land as the "homestead of the late Nathan Nash"; the 267 acres was all the land owned by Nathan Nash at the time of his death, and Mahaley Nash owned no land and had no homestead other than the said 267 acres sold to Anderson, Evans & Evans by Watson; Nathan Nash left no collateral kindred of any degree of relationship surviving him; plaintiff Elmer Seales is the daughter of Mahaley Nash, and the reputed child of Nathan Nash; Nathan Nash married Mahaley Sparks after the birth of Elmer, who was about five or six years of age at the time of the death of Mahaley Nash; Elmer was a minor, and single until she married Gus Seales in 1916 or 1917; the defendants are claiming and asserting title under Anderson, Evans & Evans.

From the facts found the trial court filed his conclusions of law, the material portions of which were in effect as follows:

The title to the land of Nathan Nash at his death passed to his wife, Mahaley Nash, and her minor children as a homestead, free from the debts of the estate of Nathan Nash; that the probate court had no authority to order the sale of the 200 acres sued for by plaintiff to pay the debts of the estate of Nathan Nash, and such order and sale thereunder was· and is void, and the purchasers at such sale acquired no title as against the plaintiff, and therefore plaintiff Elmer Seales is entitled to judgment against the defendants for the title and possession of the land sued for as joint owner with the other children of Mahaley Nash, deceased.

We have examined the five assignments of appellants, complaining for various reasons of the judgment of the trial court, and after a careful consideration of each of them we have reached the conclusion that all of them are without merit, and should be overruled.

[1] The facts found by the trial court are unattacked, and the only reasonable conclusion to be reached therefrom is that no judgment other than one for the plaintiff could have been properly rendered.

By section 2 of article 2462 of our Revised Civil Statutes it is provided:

"If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution;· provided, however, that if the deceased have neither surviving father nor mother, nor surviving brothers and sisters, or their descendants, then the surviving husband or wife shall be entitled to the whole of the estate of such intestate,"

The facts as found by the trial court in this case show that Nathan Nash left no such kindred as are mentioned in article 2462, unless Elmer Seales was his child, and these facts are unattacked by appellants.

[2, 3] Under the law the title to the 267 acres of land owned by Nathan Nash at the time of his death passed to his surviving wife, Mahaley Nash, charged only with the· debts of the estate of Nathan Nash, if Elmer was not his child; this charge, however, would be subject to the homestead rights of Mahaley and her minor children composing her family as given by article 2462, and could only be forcibly satisfied out of any excess over and above the 200 acres constituting such homestead. The facts found by the trial court show that the 267 acres of land was the homestead of Nathan Nash and his wife, Mahaley, long before his death, and continued to be such up to his death, and that Mahaley Nash continued to reside thereon with her family up to the time of her death. That the homestead of the deceased husband which is continued as the home by the surviving wife and her family cannot be sold to pay the debts of the estate of the deceased is too well settled to require a discussion of that fact. In such case the court is required by law to set the homestead aside to the surviving constituents of the family, and any order directing its sale to pay debts other than the purchase money therefor or other debts specially authorized by law, such as purchase money, etc., is void, and a sale under such order would convey no title, and both the order and sale may be attacked either directly or collaterally. The title to the homestead passes to and vests absolutely in the surviving widow, her children, and unmarried daughters living with her, and cannot be taken for any of the debts of the estate of the deceased, except debts due for the purchase money therefor, taxes thereon, and for work and material used in constructing improvements thereon, and in the last case only when the work and material are contracted for in writing, with the consent of the wife, given in the same manner as required in making a sale and conveyance of the homestead, and no court can legally order the same sold to pay the ordinary debts of the deceased husband, regardless of

whether he has by proper order set the same aside as a homestead as required by law or not. Articles 3422 and 3427, R. C. S. of Texas; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Ross v. Martin (Tex. Civ. App.) 128 S. W. 718; Childers v. Henderson, 76 Tex. 667, 13 S. W. 481; Hall v. Fields, 81 Tex. 553, 17 S. W. 82.

The authorities above cited are ample authority for holding that the title to the 200 acres of land sued for passed to Mahaley Nash and her family · upon the death of Nathan Nash as their homestead, free from the claims of creditors of Nathan Nash, in the absence of a showing that such claims were for the purchase money for .said land or for other debts mentioned in article 3427, R. C. S. of Texas, and that the sale or attempted sale of same by order of the probate court of Leon county was absolutely void, and that such order and sale thereunder were subject to attack either directly or collaterally. See, also, Stephenson v. Marsalis, 11 Tex. Civ. App. 162, 33 S. W. 383; Dorman v. Grace, 57 Tex. Civ. App. 386, 122 S. W. 401; and Hoefling v. Hoefling, 106 Tex. 350, 167 S. W. 210.

[4] It being shown that Nathan Nash left surviving him no such kindred as are named in article 2462, unless Elmer Seales was his child, and if it be conceded that Elmer was not his child, then, in such event, under the law the title to the entire homestead of Nathan Nash would, upon his death, vest absolutely in his surviving wife, Mahaley Nash, and upon her death such title would be vested absolutely in her children, each of them being entitled to a proportionate part thereof according to the number of such children. In such event the plaintiff Elmer Seales could recover judgment for possession of the entire homestead property for herself and her cotenants who were not parties to the suit, as against the defendants, who were trespassers; but in such case she could not recover judgment for the title to the whole' of the property.

[5] This brings us now to a consideration of the question: Was there evidence sufficient to justify the court in finding that Elmer Seales was the child of Nathan Nash? If she was she would be entitled to the title to the whole of the homestead property for which she sued. There is no specific finding of the court that Elmer was or was not the child of Nathan Nash, but there are, however, findings of such circumstances relative to this question, when coupled with the judgment rendered, that would, in the absence of a statement of facts, justify the conclusion that the court did find that Elmer was the child of Nathan Nash.

The trial judge did find that Nathan Nash was the reputed father of Elmer, and that after she was born Nathan Nash married Mahaley Sparks, the mother of Elmer, and he also found such facts as tended to show that Nathan Nash, after such marriage, did recognize Elmer as his child.

By article 2472 of the Revised Civil Statutes it is provided that—

"Where a man, having by a woman a child or children, shall afterward intermarry with such woman, such child or children, if recognized by him, shall thereby be legitimated and made capable of inheriting his estate."

The judgment rendered by the trial judge awarding to appellee Elmer Seales title and possession of the whole of the land in controversy is susceptible of but one explanation, and that is that he found that she was the child of Nathan Nash. Where judgment has been rendered by a trial judge, before whom a case is tried without a jury, which could not be supported except upon proof of a certain fact, the appellate court, in the absence of a statement of facts, should presume that the trial judge had before him sufficient evidence to support a finding that such necessary fact did in fact exist, and that he so found. Jordan v. Brophy, 41 Tex. 283; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581; Featherstone v. Brown (Tex. Civ. App.) 88 S. W. 470; Hall v. Southland Irrigation Ass'n, 53 Tex. Civ. App. 592, 116 S. W. 831; Lowrance v. Woods, 54 Tex. Civ. App. 233, 118 S. W. 551.

In the instant case the court did not in express terms find that Elmer Seales was the child of Nathan Nash, who married her mother after her birth, but he did find that she was entitled to recover the title and possession of the whole of the land sued for, which finding would have been impossible except upon the further finding that Elmer was the child of Nathan Nash.

Having reached the conclusion as above expressed, the judgment is affirmed.

Affirmed.