**ROBINSON et al. v. SEALES et al.**
(No. 8179.)

(Court of Civil Appeals of Texas. Galveston. June 28, 1922.)

**1. Appeal and error ⊚⇒877(4)—Trespassers not injured because judgment for title improper.**

One of the joint owners of land being entitled as against trespassers to judgment for the possession of the whole tract and for title to a portion of the land, defendants were not injured by judgment in his favor for the title and possession of the whole of the land.

**2. Appeal and error ⊚⇒877(2)—Appellants cannot complain of judgment not injuring them.**

Appellants should not be heard to complain of a judgment which worked no injury to them.

**3. Judgment ⊚⇒680—Does not affect rights of joint owners not parties.**

A judgment for one of the joint owners of land for the title and possession thereof, as against trespassers, in no way affected the rights of the other joint owners.

On motion for rehearing. Motion denied. For former opinion, see 242 S. W. 754.

LANE, J. In our original opinion we said:

"There is no specific finding of the court that Elmer was or was not the child of Nathan Nash; but there are, however, findings of such circumstances relative to this question, when coupled with the judgment rendered, that would, in the absence of a statement of facts, justify the conclusion that the court did find that Elmer was the child of Nathan Nash." 242 S. W. 754.

Following this statement we set out the circumstances referred to.

[1] It was made clear by our opinion that if Elmer was not the child of Nathan Nash, then at his death his surviving wife, Mahaley, inherited the land, and that upon her death Elmer and her other children inherited and became the owners of the land. In such case Elmer could, by her suit against mere trespassers, such as appellants, recover title to a portion of the land, and possession of the whole tract. This being true, why should appellants complain of the judgment rendered? Elmer was clearly entitled to the judgment for possession. The judgment, therefore, could not injure appellants, as they have been ousted as trespassers and Elmer properly put in possession of the land.

We have, we think, clearly shown that under the facts by the trial court, which stand unchallenged, appellants owned no interest in the land involved in any event, and that they were mere trespassers; that Elmer and the other children of Mahaley Nash, if Elmer was not Nathan's child, were the joint owners of said land. But, in any event, Elmer was entitled to judgment for possession of the whole of the land as joint tenant. If not the child of Nathan, she was entitled to a judgment for the title to a part thereof, and entitled to hold possession of the whole of the land as against naked trespassers. We do not think the trial court, by the statement referred to in his conclusions of law, meant to find that Elmer was not the child of Nathan Nash, as such finding, in view of the judgment rendered, presents an absurdity.

It is too well understood, even by the ordinary citizen, that, if the land was owned by Mahaley at her death, it would be inherited jointly by all her children, to presume that the court found that the land did so belong to Mahaley, and that Elmer was not the child of Nathan Nash, and in the face of such find-

ing rendered judgment for Elmer for title to the whole of the land.

[2, 3] As the judgment for title in Elmer works no injury to appellants, they should not be heard to complain, and as the judgment in no way affects the rights of the other children of Mahaley, the motion for rehearing is refused.