**CITY OF DALLAS et al. v. LIBERTY ANNEX CORPORATION. (No. 953-4780.)**

Commission of Appeals of Texas, Section A. June 4, 1927.

**1. Constitutional law ⟨=278(1)—City's inclusion in ordinance, criminally punishing breach of agreement for segregating residences of whites and negroes, of property not included in agreement, held violative of due process clause (Const. U. S. Amend. 14).**

City *held* without authority to include in ordinance, providing for criminal prosecution for breach of agreement for segregation of residences of white persons and negroes, property not included in segregation agreement, and its attempt to do so was void and violative of due process clause of federal Constitution, and enforcement of ordinance will be enjoined.

**2. Appeal and error ⟨=917(1)—On appeal from judgment reversing judgment of dismissal, allegations of petition must be deemed true.**

On appeal from judgment reversing a judgment dismissing suit on defendant's general de-

murrer to petition, allegations of petition must be deemed to be true.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by the Liberty Annex Corporation against the City of Dallas and others. From a judgment reversing and remanding judgment dismissing the suit (289 S. W. 1067), defendants bring error. Affirmed.

James J. Collins, City Atty., Hugh S. Grady, Asst. City Atty., W. Hughes Knight, and H. P. Kucera, all of Dallas, for plaintiffs in error City of Dallas and its officers.

Pierson & Pierson, of Dallas, for plaintiffs in error Lagow Improvement Ass'n and others.

Burgess, Owsley, Storey & Stewart, of Dallas, for defendant in error.

BISHOP, J. This is a suit by defendant in error to enjoin the city of Dallas, its officers, and others, from threatening to prosecute under a city ordinance those to whom defendant in error might sell residence property for occupation by negroes, thereby preventing the sale of its property. The district court sustained a general demurrer to the petition and dismissed the cause. The city ordinance purports to be based upon a segregation agreement made between the owners of the property included in the ordinance. Defendant in error in its petition alleges that the property which it is offering for sale, though included within the provisions of the ordinance, was not included in the agreement upon which the ordinance is based. The Court of Civil Appeals reversed the judgment, holding that the ordinance contravenes the due process clause of the federal Constitution. The case is clearly stated in its opinion. 289 S. W. 1067.

[1] The city was without authority to include in its segregation ordinance property not included in the agreement. The attempt to do so clearly violated the inhibition contained in the due process clause of the Constitution, and we approve the holding of the Court of Civil Appeals on this question.

[2] Whether the city could enact an ordinance penalizing violation of the agreement is immaterial to any question presented in this appeal. This suit does not involve a criminal prosecution, and, on trial of the case on its merits, the opinion expressed by the Court of Civil Appeals on this question could not become material to the determination of any issue tendered in the petition. As the petition alleges that property which defendant in error is offering for sale is not included in the agreement upon which the ordinance is based, and as this allegation must here be taken as true, the ordinance including this property is void and without effect, and

plaintiffs in error should be enjoined from threatening prosecution under it and thereby preventing sale. If on trial it should be shown that the property is included in the agreement, as is recited in the ordinance, defendant in error has no right to sell the property for occupation by negroes, whether a violation of its terms could or could not be prosecuted criminally.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.