CRUMP et ux. v. PERRYMAN et al.
No. 13663.

Court of Civil Appeals of Texas. Dallas.
Jan. 25, 1946.

234

Harry E. Kain, of Denison, for appellants.

O. H. Woodrow, of Sherman, for appellees.

YOUNG, Justice.

The suit of appellees, Perryman and four other residents of Oakdale Addition to the City of Denison, was for temporary and final relief by way of injunction against A. R. Crump and wife, also lot owners; alleging the violation of certain restrictive covenants contained in a prior instrument of dedication executed by owners of the land comprising said addition. Following interlocutory order and upon trial to the court, a judgment of final injunction was rendered prohibiting appellants from erecting a garage apartment upon the rear of their lot before building a permanent residence; from which record of proceedings and order this appeal is taken.

No complaint is made of insufficiency of evidence to support above rendition; and as the judgment of District Judge Holt embodies all material facts incident thereto, same are here quoted inclusive of his conclusions of law: "That the plaintiffs are the owners of the property claimed by them in plaintiffs' original petition, and that the defendants are the owners of Lot 5 in Block 2 in the Oakdale Addition to the City of Denison; that all of the lots in the Oakdale Addition with the exception of Lot 1, Block 1, and Lots 1 and 2 in Block 5, prior to the acquisition of the title by any of the parties hereto were owned by Mrs. Leta Camp and W. L. Foxworth, and that they are the common source of title to all of the lots in said addition with the exception mentioned above; that prior to the acquisition of title to any of these lots by any of the parties hereto, Mrs. Leta Camp and W. L. Foxworth filed of record in the Deed Records of Grayson County, an instrument in writing recorded in Vol. 409, page 229 on February 25, 1939,—the covenant set out in plaintiffs' original petition burdening said property with the restrictions therein set forth, among which is the following: 'No garage, garage apartment, shacks or tents shall be erected and used for living quarters before the erection of permanent residence.' The court finds that the defendants have commenced the construction of a garage apartment on Lot 5, Block 2 of said addition for the admitted purpose of using said garage apartment for living quarters before the erection of a permanent residence on said lot. Among the provisions of the aforesaid covenant filed by Mrs. Leta Camp and W. L. Foxworth in the Deed Records of Grayson County, is the following provision: 'If the parties hereto or any of them or their heirs or assigns shall violate any of the covenants or restrictions herein before January 1, 1964, it shall be lawful for any person or persons owning any others lots in said development or subdivision to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant or restrictions and either to prevent him or them from so doing or to recover damages or other dues for such violation.' The court finds that the building of a garage apartment at the rear of the lot in question for the admitted purpose of using the same for living quarters before the erection of a permanent residence is a violation of said covenant; that said covenant is binding upon the defendants and that the plaintiffs have the right to enjoin such violation. The plaintiffs have in addition to pleading the restrictive covenants aforesaid, also pled a violation of the Denison Zoning Ordinance, but the court does not deem it necessary nor does it pass upon the issue of whether or not the building now under construction and its admitted intended use is violative of said zoning ordinance, but is of the opinion that the plaintiffs are entitled to an injunction to prevent the violation of the restrictive covenant which was and is a burden upon all lots in said addition with the exception of those especially exempted therefrom. It is therefore, ordered, adjudged and decreed by the court that the defendants, A. R. Crump and his wife, Willie Lee Crump, should be and they are hereby enjoined from further construction of the garage apartment upon said lot until a permanent residence is erected thereon in conformity with the restrictive covenant, and they are further enjoined from using said garage apartment for living quarters before the erection of a permanent residence on said lot."

Appellants' grounds of appeal are three in number, recited as (1) Error "in not sustaining defendants' special exception number one in defendants' first amended answer to plaintiffs' petition; (2) in not sustaining defendants' special exception

number two in defendants' first amended answer to plaintiffs' petition; (3) in not sustaining the general denial of the defendants in defendants' first amended answer to plaintiffs' petition." Inspection of the transcript discloses that no such exceptions are contained in defendants' first amended or trial answer and obviously the court made no such rulings. Point 3 is tenable only as a challenge of the entire record for fundamental error, in which connection the reply brief of counsel for appellees has been most helpful.

 Restrictive covenants similar to those here involved have been uniformly upheld as creating a "general scheme or plan" by those platting a given area, which enters into and becomes a part of the consideration, enforceable by each purchaser; it being mutually contemplated that by such restrictions the property is made more attractive and valuable, Curlee v. Walker, 112 Tex. 40, 244 S.W. 497. And while building restrictions are to be strictly construed, Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, affirming Tex.Civ.App., 125 S.W.2d 660, yet where unambiguous, they are to be enforced as written; a just and fair interpretation being given thereto, bearing in mind the object of the grant; Fischer v. Reissig, Tex.Civ.App., 143 S.W. 2d 130, writ refused; Johnson v. Wellborn, Tex.Civ.App., 181 S.W.2d 839.

 Appellants point out under "argument and authorities" that aforesaid general scheme or plan is defeated when three lots described in above judgment are shown to be excluded from the dedication. We do not think so. These lots were not owned by Mrs. Camp and Foxworth when in 1939 the general restrictions were imposed, having already been sold; then improved and occupied by prior purchasers. As observed by appellees, we know of no rule of law requiring the particular improvement district to embrace an addition in its entirety. See Curlee v. Walker, supra, and Clements v. Taylor, Tex.Civ. App., 184 S.W.2d 485, where only part of the described area was involved. The fact that one or more lots are excluded on sufficient grounds does not militate against the consistency of a "general scheme or plan" subject to which all other lots are sold and conveyed; Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270.

 Section 4 of the instrument of dedication provides against lot-ownership by any person of African descent regardless of degree of blood. It is suggested that such provision is constitutionally void, thus invalidating all restrictions. No issue involving section 4 is raised by the record, either directly or otherwise, hence the point cannot with propriety be discussed. However the argument is viewed as fallacious both in premise and conclusion. See generally in this connection the following cases: Liberty Annex Corporation v. City of Dallas et al., Tex.Civ.App., 289 S.W. 1067; City of Dallas et al. v. Liberty Annex Corporation, Tex.Com. App., 295 S.W. 591; Hundley et ux. v. Gorewitz, 77 U.S.App.D.C. 48, 132 F.2d 23; Mays et al. v. Burgess et al., 79 U.S. App.D.C. 343, 147 F.2d 869.

Testimony was adduced herein of decreased property values incident to a violation of restrictions; appellant Crump on the other hand testifying that he had intended living in the garage apartment only until a permanent residence could be built. He had applied for permission of the City of Denison to build a temporary structure after filing of suit, but was refused by the proper official. Sections of the Denison Zoning Ordinance read in part: "That no work of any kind in building, altering or installing any building shall start until the building inspector shall have first issued a permit therefor,—" and "That no building * * * shall be used, occupied or changed in use until the certificate of occupancy and compliance shall have been issued by the building inspector." Said ordinance also provides that the municipality or "any person or corporation owning property in said City" shall have the right to institute injunction proceedings if injuriously affected by a threatened violation of aforesaid zoning laws.

 The further argument is made that under the rule of strict construction pertaining to building restrictions these injunction proceedings were premature in this: That the prohibition in section 1 of said covenants was against the erection *and use* of a garage apartment as living quarters; that though the temporary structure was in process of erection when injunction issued, yet defendants were not enabled to *so use it,* with result that no covenant was in fact violated. We regard the contention as without merit; but even so, appellees were entitled to effective relief under aforesaid zoning meas-

ure, which was fully pled and infraction admitted by Mr. Crump; and the trial court could well have included violation of ordinance as additional ground for the judgment rendered.

We might add in passing that any express power granted in the Denison Zoning Ordinance for maintenance of suit by aggrieved individuals, independently of the City in a situation such as this, is merely cumulative in effect. As a general rule an injunction will lie on suit of the individual owner to prevent erection of a building in violation of municipal ordinance upon showing of special damage to himself and property. 9 Am.Jur., p. 232; see also Annotations, 54 A.L.R. 366, and 129 A.L.R. 885.

The judgment of the trial court is in all respects affirmed.