A. J. CHANDLER et al., Appellants,

v.

F. A. DARWIN et al., Appellees.

No. 14962.

Court of Civil Appeals of Texas.

Dallas.

March 25, 1955.

On Rehearing July 15, 1955.

Johannes & Kelsoe, Dallas, for appellants.

G. C. Harris and Allen Clark, Greenville, for appellees.

PER CURIAM.

This suit was commenced by Darwin and numerous other Lot owners (some also residents) of Reavilon No. 4, and Addition to the City of Greenville, Texas, against the Trustees of the Reavilon Church of Christ, seeking immediate restraint and on final trial a permanent injunction prohibiting the erection of a building to be used as a church on Lot 16, Block 3 of said Addition, of which said defendants were owners. After due hearing, issuance of temporary injunction was ordered by District Judge Berry as prayed, conditioned upon bond of $500 "pending final hearing and determination of this cause * * *." Defendants thereafter perfected this appeal, in brief and through various points charging insufficiency in law of the covenants and restrictions as pled and in evidence.

These restrictions, placed in evidence over objection of appellants, were contained in an instrument of date March 16, 1948, of record in Book 478, p. 479, Deed Records of Hunt County, the first paragraph reading: "That Esma Reavis, individually and

as sole heir of H. E. Reavis, deceased; and New Reavilon, Inc., a Texas Corporation, being owners of the property described in Reavilon No. 4, an Addition to the City of Greenville, Texas, do hereby adopt these covenants and restrictions, which are hereby made covenants running with the land and which shall apply and be binding upon any purchaser of any of the above described property, his heirs, *devises*, administrators, successors and assigns as follows:". Further sections, material here, are as follows: "(1) All of the lots in said tract shall be residential lots and no structure shall be erected thereon other than single, duplex or multi-units dwellings, which shall in no event exceed two stories in height, and all of said lots shall have a square foot area of at least 6,000 feet. (2) No building shall be erected nearer to the front property line than 25 feet and no building shall be erected nearer than 5 feet to the property line except that garages and other out-buildings may be nearer than 5 feet to the side line if located upon the rear ¼ of the lot. For the purpose of definition, it is agreed that any covered portion of the house shall be the determinatas to the location of the set back as herein provided. * * * (4) No trailer, basement, tent, shack, barn or garage or other out-building erected on the tract shall be at any time used as residence, temporarily (or) permanently, nor shall any residence of a temporary character be permitted. (5) Each residence as erected on any lot in said addition shall have a minimum of 700 sq. ft. exclusive of all porches, garage, terraces, lodges, outhouses or unfurnished rooms, whether the same are attached, detached or built into." Also admitted over objection was the dedication of Reavilon Addition, dated March 16, 1948, and of record in Vol. 478, p. 478, Deed Records, Hunt County, and Plat of the Addition, filed in Book 400, p. 18, same deed records. The Plat bore the notation "See Deed Record" in handwriting of a person not identified.

The deed of appellant Trustees to their Lot did not embody aforesaid restrictions, simply making reference to Plat of the Addition; though W. C. Weaver, church pastor, admitted to knowledge thereof before the property was bought.

Aside from points complaining of above erroneous admissions of evidence, appellants claim error: (1) "In not holding said alleged restrictions invalid due to an inadequate description of the real property to which said alleged restrictions were to apply." (3) "In holding said alleged restrictions enforceable against a church and/or against a dwelling to be used as a church for the reasons that said restrictions are vague, indefinite, ambiguous, do not restrict the use of the real property, and no general building plan or scheme is established." (5) "In issuing a temporary injunction, as there was no basis therefor, in that the uncontradicted evidence was that damages could be ascertained, no irreparable injury was shown, and the granting of such temporary injunction gave appellees all the relief they were seeking on final hearing." (6) "Building restriction against a church in the State of Texas is contrary to public policy and thus is invalid under the laws of this State." It will be noted that in the main, the points advanced go to the merits of this controversy, and relevant thereto are the following well established rules: (1) On all appeals from interlocutory orders granting or refusing a writ "the sole question is whether the trial court abused its discretion in entering the order appealed from"; 24 T.J., p. 313. (2) No abuse is shown if petitioner alleges a cause of action which the evidence adduced tends to support; Southwestern Greyhound Lines v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263. Otherwise stated, where pleading and evidence present a case of probable right and probable injury to that right, the trial court is clothed with broad discretion in causing issuance of a writ of temporary injunction and its orders thereon will be reversed only on showing of clear abuse. Transport Co. of Texas v. Robertson Transports, Tex.Sup., 261 S.W.2d 549. (3) "Contract and proprietary rights grow out of covenants and conditions in instruments of title, and injunctions to protect them are proper. Restrictive covenants are enforceable by injunction in varying circumstances,

and temporary injunctions are proper in such cases in order to preserve the status quo while the applicability of a disputed restriction is being tried and determined." 24 T.J., p. 47. See also Anderson v. Rowland, 18 Tex.Civ.App. 460, 44 S.W. 911; Lowrance v. Woods, 54 Tex.Civ.App. 233, 118 S.W. 551; Crump v. Perryman, Tex. Civ.App., 193 S.W.2d 233.

■ Application of these familiar principles to the facts at hand sufficiently establishes the right of petitioners to the injunctive order in question. Appellants' claim of errors in admission of evidence was harmless in each instance because (a) they have admitted to a knowledge of the restrictions prior to acquisition of the property and (b) the words "See Deed Record", endorsed on exhibit C (the Plat) even if mistakenly admitted, would not conceivably have changed the result of this, a nonjury trial. We must reserve a discussion of the remaining points to an appeal following trial to the merits. The judgment under review is accordingly affirmed.

### On Rehearing.

■ Appellants insist that we make disposition of their points 1, 3, 5, and 6 at this juncture on ground that same involve questions of law; and cite Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722, holding in effect that on appeal from grant of a temporary injunction, the Court is authorized to rule upon all law questions presented by the record. Appellees offer no objection and we will therefore proceed to a consideration of these points, already set forth in original opinion.

■ The church trustees first assert invalidity of the detailed restrictions; charging inadequacy of description of lands to which said covenants were to apply; in other words, not described by metes and bounds, lot or block numbers, or "references to any maps, plats or prior deeds, or other instruments capable of identifying the land or any data or information as to where the same may be located." As already seen, map of Reavilon Addition and dedication thereof as appear in Hunt County Deed Records were introduced in evidence; the latter reciting that more particular description of the land involved is shown in Commissioners Court order of March 16, 1948. These recorded instruments were sufficient as constructive notice of location of the property purchased; appellants admitting to actual notice of the restrictions placed upon its use. Furthermore, Reavilon No. 4, "an Addition to the City of Greenville," was a part of certain lands annexed to that municipality on July 1, 1952 by Ordinance No. 95, the entire area (two tracts) being described by metes and bounds. We do not have here an action in trespass to try title or for specific performance to which appellants' citation of authorities would more properly apply. It is well settled that a purchaser is bound by restrictive covenants attaching to property of which he has actual or constructive notice; Couch v. Southern Methodist University, Tex.Civ.App., 290 S.W. 256; Hill v. Trigg, Tex.Com.App., 286 S.W. 182; Wilson Co. v. Gordon, Tex.Civ.App., 224 S.W. 703; and a purchaser is chargeable with notice of all conditions, restrictions, exceptions, or reservations appearing in his chain of title, concerning which he is put on inquiry. Spencer v. Maverick, Tex. Civ.App., 146 S.W.2d 819.

■ Point 3 charges unenforceability of these restrictions "against a church and/or against a dwelling to be used as a church for the reasons that said restrictions are vague, indefinite, ambiguous, do not restrict the use of the real property, and no general building plan or scheme is established." In our opinion, the instrument of restrictions conclusively demonstrates the contrary of such contention; and, as asserted by appellees, said covenants clearly and without ambiguity prohibit the employment of the property for anything except a residential use. Paragraph 1 thereof requires that all lots in said tract shall be "residential lots" with limitations on nature of "dwellings" to be erected; paragraph 5 requiring that "Each residence as erected on any lot in said Addition shall have a minimum of 700 sq. ft. exclusive of all porches, garage,

terraces, lodges, outhouses or unfurnished rooms, whether the same are attached, detached or built into."

While we recognize the doctrine that covenants restricting the free use of property are not favored, yet it is equally well established " 'that where such restrictions are confined to a lawful purpose and are within reasonable bounds, and the language employed in expressing them is clear, such covenants will be enforced.' " Walker v. Dorris, Tex.Civ.App., 206 S.W.2d 620, 624, quoting from the early case of Booth v. Knipe, 225 N.Y. 390, 122 N.E. 202. In this connection appellants earnestly argue that the instant restrictions relate merely to the *construction* of the permitted buildings and not to a prohibition against *use* (as a church building). In Walker v. Dorris, supra, a similar contention was overruled; the restriction there providing " 'that no building shall be erected on said premises except a dwelling house and outbuildings thereon' "; the Fort Worth Court of Civil Appeals approving a grant of injunction against use of the structure as a sanitarium. In the Walker-Dorris appeal, the words "dwelling house" were construed in their ordinary sense to mean "a house occupied as a residence, in distinction from a store, office, *or other building*" (Emphasis ours); further approving the statement from 26 C.J.S., Deeds, § 164, pp. 525, 526: " * * * The term defines the use to which a building shall be put and not merely the form or character of the structure, and a provision restricting the erection of buildings other than dwelling houses or residences applies not only to the erection of the building in the first place, but likewise forbids the use of a building erected as a dwelling house or residence for other than residential purposes." And see 13 A.L.R.2d 1241, citing authority for the rule that use of a residence for church purposes was violative of a restriction "common to all lots in a subdivision that any house erected should not be used for other than an exclusive private residence * * * notwithstanding the contention of the minister of the church, who occupied the premises with his family, that use of the building for church purposes was merely incidental to its use for residential purposes."

Appellants' remaining points may be resolved briefly: (a) The restrictions in question obviously demonstrate a building scheme or plan uniformly applicable to all houses erected in Reavilon Addition No. 4 for residential use. Uniformity of restrictions imposed upon lots is one of the strongest proofs of a general plan of construction. Curlee v. Walker, 112 Tex. 40, 244 S.W. 497. (b) The mere fact that a breach of building covenant is *intended* constitutes sufficient ground for issuance of injunction, thereby preserving the status quo until trial to the merits and entry of final decree. Anderson v. Rowland, 18 Tex. Civ.App. 460, 44 S.W. 911; Lowrance v. Woods, 54 Tex.Civ.App. 233, 118 S.W. 551; Pendleton v. Crabtree, Tex.Civ.App., 214 S.W.2d 675. (c) "The courts appear in complete accord that the erection of a church will violate a covenant restricting the use of property to residential purposes." Editor's note to 13 A.L.R.2d 1239, citing decisions of numerous other jurisdictions. See also Cannon v. Ferguson, Tex.Civ.App., 190 S.W.2d 831, syl. 2, viz.: "Mutual agreement by owners restricting use of lots facing on a designated street to residential purposes, only, was not rendered unenforceable as being against public policy because it forbade erection of a church on such lots."

Upon careful review of all points advanced to the merits of this appeal, same are overruled and judgment accordingly rendered making final the subsistent injunction of appellees.

Affirmed.