

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*Lee H-399*

November 21, 1968

*Mrs Crelen v
City of San Antonio
454 SW 2d 393
24 Sup. Ct. 1970*

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-307

Re: Whether a certain property
owned by a Diocese of the
Roman Catholic Church, and
also containing a chapel, is
exempt from ad valorem taxation.

Dear Mr. Resweber:

In your request for an opinion, you stated your
question as follows:

"Is the property described as Lot 12,
Broadacres, Houston, Harris County, Texas,
which is owned by the Galveston-Houston
Diocese of the Roman Catholic Church and
used as the residence of the Bishop, exempt
from State and County ad valorem taxation?"

You stated that all of the lots in Broadacres Sub-
division are restricted to a residential use only, according
to an instrument recorded in Volume 526, page 488 of the
Deed Records of Harris County, Texas; and that the use of
any property in the subdivision as a church would violate
Paragraph 1 of the restrictions contained in said instrument,
providing that any house built on any lot in the subdivision
"shall be used for residence purposes only."

You also point out that this Diocese owns two addition-
al properties in Harris County, one being the Chancery Build-
ing, and the other being the residence of Bishop W. J. Nold;
and that the Chancery Building was granted an exemption from
taxation by Opinion of the Attorney General No. M-21; and
that the residence of Bishop W. J. Nold has for some time been
carried on the tax rolls as exempt property.

You furthermore make reference to the affidavit of the very Rev. Msgr. James J. Madden, which indicated that the improvements located on the property in question consist of "a house which includes a semi-public chapel" which is being used "as the Bishop's residence, and the Chapel for worship services."

We agree that the constitutional and statutory provisions applicable are as stated in your memorandum brief, from which we quote as follows:

"Article 8, Section 1 of the Texas Constitution provides in part that 'all property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.'

"This section of the Constitution is qualified by Section 2 of Article 8 of the Texas Constitution which provides in part that ' . . . the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places or /of/ religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; . . .'

"The enabling statute, enacted by the Texas Legislature and codified as Article 7150, V.T.C.S., provides in part the following:

"'The following property shall be exempt from taxation, to-wit:

'1. Schools and Churches. -- Public school houses and actual places of religious worship, also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to

such church or religious society provided
that such exemption as to the dwelling place
for the ministers shall not extend to more
property than is reasonably necessary for a
dwelling place and in no event more than one
acre of land.'

"Article 7150b, V.T.C.S., provides the follow-
ing:

"'There is hereby exempted from taxation
any property owned exclusively and in fee by a
church for the exclusive use as a dwelling place
for the ministry of such church and which property
yields no revenue whatever to such church; provid-
ed that such exemption shall not extend to more
property than is reasonably necessary for a dwell-
ing place and in no event more than one acre of land;
and provided further, that the fact that the ministry
uses a portion of the dwelling as their study, library
or office shall not prevent the property from being
considered as being used exclusively as a dwelling
place. For purposes of this Act, "church" includes
a strictly religious society; and the "ministry of
such church" means those persons whose principal oc-
cupation is that of serving in the clergy, ministry,
priesthood or presbytery of an organized church or
religion, whether they are assigned to a local church
parish, synagogue, cathedral or temple or to some
larger unit of the church organization and whether
they perform administrative functions or not." (Our
emphasis supplied throughout.)

Under these constitutional and statutory provisions,
the property in question would be exempt from ad valorem taxes
if used exclusively as an actual place of religious worship.
Likewise, if used exclusively as a dwelling for the ministry
it would be exempt, unless the Diocese already had a different
and separate parcel of real estate exempted as a dwelling for
the ministry. It is our understanding that this Diocese al-
ready claims and has been afforded an exemption on another
property as a dwelling for its ministry. See Attorney General
Opinion No. M-21 (1967). The Diocese as a church is entitled
to only one exemption for parsonage purposes. Houston v.
South Park Baptist Church of Houston, 393 S.W.2d 354 (Tex.Civ.
App. 1965, error ref.). Therefore, if an exemption is afforded
to the property in question under the possibilities hereinafter
detailed on grounds that it is a parsonage, the Diocese would

necessarily lose its present exemption on the other parcel of real estate.

Under the "actual place of religious worship" provisions, property may attain exempt status even though it is also incidentally used as a dwelling place for the ministry. By the same token, under the "dwelling for ministry" provisions, property may attain exempt status even though it is also incidentally used as a place of worship. Attorney Generals' Opinions Nos. O-4909 (1943) and M-21 (1967).

However, the primary or dominant use of the house determines the particular exemption that is applicable. Syracuse Center of Jehovah's Witnesses v. Syracuse, 163 Misc. 535, 297 N.Y.S. 587, 168 A.L.R. 1237; 84 C.J.S. 449, Taxation, Sec. 232; 84 C.J.S. 583, Taxation, Sec. 288d. It is settled in Texas that the incidental use of property can neither defeat nor determine its status for tax exemption purposes. Hilltop Village, Incorporated v. Kerrville Independent School District, 426 S.W.2d 943 (Tex.Sup.Ct. 1968). It must be exempt because of one exemption provision or the other, not a combination of them. Trinity Methodist Episcopal Church v. City of San Antonio, 201 S.W. 669 (Tex.Civ.App.1918, error ref.)

Applying these principles to the matter at hand, it is the opinion of this office that:

(1) If the dominant or primary use of the house is a dwelling for the ministry, with its use as a place of worship being merely incidental, then it is exempt under the "dwelling for ministry" provisions, provided that the Diocese has no other property which is accorded an exemption under such provisions.

(2) If the dominant or primary purpose of the house is an actual place of religious worship, with the residence of the Bishop being a mere incidental use, then it is exempt under the "actual place of religious worship" provisions.

(3) The question of dominant or primary use under circumstances such as are here presented is one of fact; and such questions of fact cannot be resolved in an opinion by the Attorney General's

Office.  Attorney General Opinion Nos.
C-697 (1966) and M-187 (1968).

With regard to the covenant which restricts the use of this property for residential purposes, we can envision that such covenant might well complicate and make extremely difficult any attempt to prove that the dominant use of the property is other than residential.  Such restrictive covenants are enforceable against the church and its properties, yet the trier of facts may find an abandonment of the restrictions. See Cannon v. Ferguson, 190 S.W.2d 831, 834 (Tex.Civ.App. 1945, no writ); 13 A.L.R.2d 1239; Chandler v. Darwin, 281 S.W.2d 363, 367 (Tex.Civ.App. 1955, no writ); Terrell Hills Baptist Church v. Pawel, 286 S.W.2d 204, 209 (Tex.Civ.App. 1956, no writ); and Thornton v. Wings of Faith Tabernacle, Inc., 290 S.W.2d 572, 574 (Tex.Civ.App. 1956, error ref., n.r.e.); Cowling v. Colligan, 312 S.W.2d 943, 946 (Sup.Ct. 1958).  However, the status of the property for tax purposes must be determined by the rules above announced, not by the mere existence alone of the covenant made between private parties.

Circumstances involving the tax exempt status of the property inquired about present a fact question as to dominant or incidental use, a question which the taxing authority must initially determine and which the trier of facts in a court of law must ultimately determine in the event of litigation.

## S U M M A R Y

Property of a Diocese of the Roman Catholic Church used as the residence of the Bishop and also containing a chapel may be exempt from ad valorem taxes in accordance with the primary or dominant use of the property.  An incidental or subservient use will neither determine nor defeat any exemption which is available because of primary usage.  A Diocese which claims its limit of one tax exemption on a separate property used as a dwelling place for its ministry  is not entitled to claim exemption on such ground as to another property, and as to such other property exemption may only be claimed if the primary or dominant use is established as an actual place of religious worship.  The existence of a covenant between

private parties restricting the use of real estate can not, alone, determine the status of the property for tax exemption purposes. Whether a particular use is primary or incidental is a question of fact which may not be resolved by the Attorney General's Office.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker and Fisher Tyler
Assistant Attorneys General

APPROVED:

OPINION COMMITTEE
Kerns B. Taylor, Chairman

Jack Goodman
Mark White
Pat Cain
Bob Flowers

Hawthorne Phillips
Staff Legal Assistant