

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Dorothy J. Johnson,<br>　　　　Employee, | ) | Docket No.: 2015-01-0273 |
| v. | ) | State File No.: 26715-2015 |
| Pilgrim's Pride, Inc.<br>　　　　Employer, | ) | Judge Thomas Wyatt |

---

## COMPENSATION HEARING ORDER OF DISMISSAL

---

This matter came before the undersigned Workers' Compensation Judge on October 31, 2016, for an in-person hearing on the Motion to Dismiss filed by the employer, Pilgrim's Pride, Inc. (Pilgrim's). The central issue addressed by the Motion to Dismiss is whether the principle of *res judicata* bars the employee, Dorothy J. Johnson, from seeking further relief in this matter. For the reasons set forth below, the Court determines that Pilgrim's is entitled to the dismissal of Ms. Johnson's claim.

## History of Claim[1]

Ms. Johnson is a fifty-one-year-old resident of Chattanooga, Hamilton County, Tennessee. (T.R. 1 at 1.) On September 8, 2015, she filed a PBD seeking workers' compensation benefits based on an alleged March 17, 2015 injury to her left hand and arm at Pilgrim's poultry processing plant. *Id.* On November 12, 2015, Ms. Johnson and counsel for Pilgrim's filed a PBD for Approval of a Settlement and appeared in person before the Court for consideration of a proposed doubtful and disputed settlement of Ms. Johnson's claim. (T.R. 3.) The Court conducted an in-person hearing to consider the proposed settlement and, upon obtaining written and verbal affirmation from Ms. Johnson that she understood and agreed to the proposed terms, the Court approved the

---

[1] The Court takes judicial notice of pleadings filed by the parties in the previous proceedings in this claim. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

1

proposed settlement. (T.R. 4, 5, 6, 7.)[2]

Shortly after the approval hearing, Ms. Johnson filed a motion requesting that the Court set aside the settlement because she signed the Settlement Agreement under stress and duress. (T.R. 9.) She also claimed that, prior to the approval hearing, Pilgrim's had not provided her all the information she needed to make an informed decision regarding the settlement. *Id.*

The Court conducted an in-person hearing to consider Ms. Johnson's motion. (T.R. 10.) Ms. Johnson fully participated during the hearing as did counsel for Pilgrim's. After due deliberation, the Court denied Ms. Johnson's Motion to Set Aside the Settlement Order. *Id.* Ms. Johnson appealed the issue to the Workers' Compensation Appeals Board and the Tennessee Supreme Court without success. (T.R. 11, 12, 13, and 14.)

On August 15, 2016, Ms. Johnson filed the currently-pending PBD, again seeking benefits for her March 17, 2015 left arm and hand injury. (T.R. 15 at 1-2.) She alleged in this PBD that she "never got anything from workers' compensation claim. From then to now. That was never discuss with me about payments." (T.R. 15 at 1.)

Pilgrim's immediately filed a motion seeking to dismiss Ms. Johnson's PBD because she previously accepted $5,000 in return for the agreement to fully and finally waive her right to a trial of the issues surrounding her alleged March 17, 2015 work injury. (T.R. 18.) Pilgrim's bases its dismissal motion on the doctrine of *res judicata* and points to the fact that three courts have previously entered four final orders dismissing this action upon Ms. Johnson's settlement of the claim. It also asserts that Ms. Johnson's pending PBD constitutes a frivolous claim for which it should receive reimbursement of its costs of defense, including attorney's fees. *Id.*

Ms. Johnson responded to the Motion to Dismiss by claiming the Court denied her right to due process of law because she did not receive a hearing on her previously-filed PBD. (T.R. 20.) During the hearing on Pilgrim's Motion to Dismiss, Ms. Johnson claimed that Pilgrim's denied her due process of law when its nurse notified Ms. Johnson of the denial of her claim without giving her a "denial number" so she could dispute the denial. Ms. Johnson also argued Pilgrim's denied her due process rights by hiding her medical records from her until she participated in the settlement approval hearing.

---

[2] Pilgrim's gave Ms. Johnson a check in the amount of $5,000.00 for full and final dismissal of her claim, including a termination of medical benefits. The parties advised the Court the dispute in the claim was whether Ms. Johnson could prove her alleged injury arose primarily out of and in the course and scope of employment.

## Findings of Fact and Conclusions of Law

### *The Court's Authority to Decide Pilgrim's Motion to Dismiss*

Pilgrim's stated in its Motion to Dismiss that it seeks relief pursuant to Tennessee Compilation Rule & Regulation 0800-02-21-.14(1)(b) (2015). The referenced provision does not authorize the Court to dismiss an action. However, Tennessee Code Annotated section 50-6-239(c)(1) (2015) provides that the Court of Workers' Compensation Claims shall conduct hearings in accordance with the Tennessee Rules of Civil Procedure unless the Administrator adopts an alternate procedure. Tennessee Rules of Civil Procedure 12.02(6) and 12.03 (2016) provide a procedure by which a party can seek dismissal of a claim based on a contention the opposing party's pleadings do not state a claim upon which relief can be granted by law. Accordingly, the Court will consider Pilgrim's Motion to Dismiss under the standards applicable to a motion for judgment on the pleadings.

### *Pilgrim's Entitlement to Dismissal of Ms. Johnson's August 15, 2016 PBD*

Pilgrim's seeks dismissal of Ms. Johnson's PBD on a simple principle: this Court, the Workers' Compensation Appeals Board, and the Supreme Court all previously entered orders that fully and finally dismissed Ms. Johnson's claim with prejudice to its refiling. Stated otherwise, Pilgrim's contends that the doctrine of *res judicata* bars Ms. Johnson from re-litigating issues already concluded by previous court orders.

In *Patton v. Estate of Upchurch*, 242 S.W.3d 781, n.1 (Tenn. App. 2007), the Court of Appeals held that, in considering a motion to dismiss under either Tennessee Rules of Civil Procedure 12.02(6) and 12.03, the trial court must construe the complaint liberally in favor of the plaintiff by considering the factual allegations in the complaint to be true and giving the plaintiff the benefit of all inferences one might reasonably draw from those allegations. The Supreme Court went on to state that a court should grant a motion to dismiss only when the plaintiff is unable to prove any facts that would entitle a party to relief under the applicable law.

The Court has thoroughly reviewed Ms. Johnson's PBD, her response to the Motion to Dismiss, the settlement documents she signed on November 12, 2015, and the contentions she made during the oral argument on Pilgrim's motion. After applying the requisite liberality required at this stage of its inquiry, the Court finds the following factual foundation applies to its consideration of Pilgrim's motion to dismiss Ms. Johnson's currently-pending PBD:

- She seeks recovery for a March 17, 2015 work-related injury to her left hand and arm over and above the $5,000.00 she received from Pilgrim's for

the previous settlement of this claim;[3]

- Pilgrim's initially provided treatment of the subject injury through its on-site nurse and, later, by Dr. Terry Smith. Ms. Johnson saw Dr. Smith on one occasion, after which he released her to return to work;

- Pilgrim's denied the compensability of Ms. Johnson's injury on the ground Dr. Smith diagnosed it as a ganglion cyst. Pilgrim's nurse notified Ms. Johnson that Pilgrim's denied her claim, but did not give her a number she could call to dispute the denial;

- Before she accepted the $5,000.00 settlement, Ms. Johnson saw Dr. Jason Rehm, who performed surgery to repair a ganglion cyst, carpal tunnel syndrome and a triggering of the ring finger of her left hand and arm. Ms. Johnson claims Dr. Rehm related the conditions he treated to her work at Pilgrim's;

- On November 12, 2015, Ms. Johnson and counsel for Pilgrim's appeared before the Court to present a $5,000.00 doubtful and disputed settlement for approval. The Court approved the settlement after questioning Ms. Johnson in person and obtaining responses indicating she understood that, in return for a payment of $5,000.00, the terms of the proposed settlement required her to waive both her right to a trial and to Pilgrim's obligation to pay for past and future treatment of her alleged work injury. The Court also obtained verbal affirmation from Ms. Johnson that she agreed to the terms of the settlement before it approved the settlement.

- Ms. Johnson signed a Settlement Agreement, Explanation of Benefits form and Medicare Advisory notice prior to the Court's approval of the settlement and, during the approval hearing, acknowledged that she understood and agreed to the statements in the forms she signed. At the conclusion of the approval hearing, Ms. Johnson took possession of a $5,000.00 check in satisfaction of the monetary payment mandated by the terms of the Settlement Agreement between the parties;

- Ms. Johnson moved to set aside the settlement shortly after the Court approved it, contending she signed the settlement papers under stress and duress. She also contended Pilgrim's did not provide her sufficient factual information prior to the approval hearing to allow her to make an informed decision whether or not to accept the settlement terms;

- The Court denied Ms. Johnson's Motion to Set Aside the Settlement Agreement. She appealed to the Workers' Compensation Appeals Board, which affirmed the Court's denial. Ms. Johnson then appealed to the Supreme Court, which dismissed the appeal because she filed it too late;

---

[3] Ms. Johnson claimed she returned the $5,000.00 settlement check to Zurich Insurance Company. Tony Grunkemeyer, an adjuster for Zurich handling Pilgrim's claims, stated during the hearing on Pilgrim's Motion to Dismiss that Zurich has no record it received the check back from Ms. Johnson. The Court does not consider this issue pertinent to its decision in this matter.

and,

- Ms. Johnson claimed nobody discussed with her at the time she settled her claim the amount and types of payments she would receive under workers' compensation should the Court hold her claim to be compensable. She claimed the Court denied her due process of law by not conducting a hearing on the merits of her claim and claimed Pilgrim's denied her due process of law by denying her claim and hiding medical records from her.

In *Creech v. Addington,* 281 S.W.2d 363, at 376 (Tenn. 2009), the Supreme Court held "the doctrine of *res judicata*, also referred to as claim preclusion, bars a second suit between the same parties on the same cause of action with respect to all issues which were or could have been litigated in the former suit." The Supreme Court explained that the "primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id.* The Supreme Court went on to hold that the doctrine of *res judicata* applies where a court with jurisdiction has previously entered a final judgment that concludes the whole claim, leaving nothing for the court to decide. *Id.* at 377.

After fully reviewing the factual foundation this claim and giving those facts the preferential consideration required by law, the Court finds that Ms. Johnson's currently-pending PBD seeks to once again litigate the claim she previously settled, as well as the same issues she unsuccessfully relied on in her previous attempt to set aside the settlement. Accordingly, the Court finds the doctrine of *res judicata* prohibits Ms. Johnson from seeking further relief in this claim.

In support of its application of the doctrine of *res judicata* here, the Court notes that Tennessee Code Annotated section 50-6-237 (2015) provided the Court of Workers' Compensation Claims original and exclusive jurisdiction over workers' compensation claims arising from injuries occurring on and after July 1, 2014. Furthermore, Tennessee Code Annotated section 50-6-238(a)(3) (2015) authorized this Court to approve settlements of workers' compensation claims. Since Ms. Johnson's alleged injury arose from a date of injury of March 17, 2015, the Court had jurisdiction over the approval of the settlement of her claim.

The procedure followed in the adjudication of Ms. Johnson's settlement resulted in four final orders, each of which triggered the doctrine of *res judicata* in precluding re-litigation of the issues resolved thereby. This Court's Order Approving Workers' Compensation Settlement Agreement incorporated by reference all terms contained in the Settlement Agreement signed by Ms. Johnson and, thus, disposed of all disputed issues in Ms. Johnson's claim and left nothing for a court to decide.[4] (T.R. 4.)

---

[4] The Settlement Agreement Ms. Johnson signed stated that, "[Dorothy J. Johnson] acknowledges that by signing

5

The Court's previous Order denying Ms. Johnson's Motion to Set Aside Settlement Agreement is likewise a final judgment entitled to *res judicata*. This Order concluded all issues raised by Ms. Johnson in her motion and left nothing further for a court to decide on the issue of whether the Court should set aside Ms. Johnson's settlement.

The Appeals Board certified as final its April 27, 2016 order affirming this Court's denial of Ms. Johnson's Motion to Set Aside Settlement Agreement. (T.R. 12.) The Supreme Court's order dismissing Ms. Johnson's appeal on the basis of late-filing also constitutes a final order. *See* Tenn. Code Ann. § 50-6-225(a)(5)(A) (2015). Both orders further support invocation of the doctrine of *res judicata* in this claim.

Ms. Johnson raised no new judiciable issues in her pending PBD. Her allegation that she "never got anything" from her workers' compensation claim is incorrect. Ms. Johnson accepted $5,000.00 to settle her claim and Pilgrim's gave her a check, which she took with her from the settlement, in satisfaction of the terms of the Settlement Agreement between the parties. Furthermore, Ms. Johnson's allegation that she did not receive a hearing in connection with her previously-filed PBD is also false. The Court conducted in-person hearings to approve her settlement and to consider her motion to set aside the Settlement Agreement. Ms. Johnson fully participated in both hearings. In view of the above facts, the Court holds it has not denied Ms. Johnson due process of law in this claim.[5]

The Court perceives that Ms. Johnson's persistent attempts to set aside the settlement in this claim arise from remorse that she settled the claim for too little recovery. That consideration is not relevant to the issue here because the Court and two appellate courts with jurisdiction over the claim entered final judgments dismissing Ms. Johnson's previous attempt to set aside the judgment. In *Creech, supra,* at 376, the Supreme Court held, "the doctrine of *res judicata* is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the grounds of public policy which requires an eventual end to litigation." In view of the above authority, the Court finds the law does not provide Ms. Johnson legal recourse to avoid her previous, court-approved, settlement agreement with Pilgrim's, even if she now wishes she had not entered into the arrangement.

---

this settlement agreement, that [she] is waiving the right to have a trial." (T.R. 7 at 1.) The Settlement Agreement likewise fully concluded all workers' compensation rights to which Ms. Johnson could have claimed at a trial in that it provided, "[Dorothy J. Johnson] understands that by agreeing to this compromised settlement with the closure of future medical benefits she will no longer be entitled to any benefits, disability or medical treatment after today as a result of her injury from an incident on or about March 17, 2015, while employed by Pilgrim's Pride, Inc." *Id.* at 2.

[5] The Court does not consider that the standard applicable to its consideration of Pilgrim's Motion to Dismiss requires that it consider false statements in Ms. Johnson's pleadings to be true.

In view of the above authority, the Court fully and finally dismisses Ms. Johnson's PBD with prejudice to its refiling. While, to trained lawyers, Ms. Johnson's refiling of this claim may seem frivolous to the point of justifying the imposition of costs and sanctions against her, the Court considers the fact Ms. Johnson is self-represented and is untrained and inexperienced in legal procedures. Accordingly, the Court denies the motion for costs sought by Pilgrim's. The Court, however, cautions Ms. Johnson that, should she attempt to refile this claim before the Court in the future, the Court may consider an imposition of costs and sanctions against her in that claim.

**IT IS SO ORDERED.**

**ENTERED this the 4th day of November, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is

practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7) (2015).**

8

# APPENDIX

**Technical Record:**

The Court reviewed the following documents and designates these documents as the Technical Record pertinent to the motion hearing conducted October 31, 2016:

1. PBD, filed September 8, 2015;
2. DCN, filed October 14, 2015;
3. PBD for Approval of Settlement, filed November 12, 2015;
4. Order Approving Workers' Compensation Settlement Approval, filed November 12, 2015;
5. Explanation of Workers' Compensation Benefits, filed November 12, 2015;
6. Advisory Notice of Potential Medicare Consequences in Settling Future Medical Benefits, filed November 12, 2015;
7. Workers' Compensation Settlement Agreement, filed November 12, 2015;
8. Workers' Compensation Statistical Data Form, filed November 12, 2015;
9. Motion to Set Aside Settlement Order, filed December 9, 2015;
10. Order Denying Motion to Set Aside Settlement Order, filed January 12, 2016;
11. Compensation Hearing Notice of Appeal, filed February 10, 2016;
12. Order of the Workers' Compensation Appeals Board affirming denial of Ms. Johnson's Motion to Set Aside Settlement Order, filed April 27, 2016;
13. Notice of Appeal to the Supreme Court, filed June 6, 2016;
14. Order dismissing Supreme Court appeal, filed July 8, 2016;
15. PBD, filed August 15, 2016;
16. DCN, filed September 22, 2016;
17. Pilgrim's Position Statement (via email), filed August 22, 2016;
18. Pilgrim's Motion to Dismiss, filed September 26, 2016;
19. Ms. Johnson's Request for Expedited Hearing and accompanying affidavit, filed September 26, 2016;
20. Ms. Johnson's Response to Motion to Dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this order was sent to the following recipients by the following methods of service on this the 4th day of November, 2016:

| Name | Certified Mail | Via Email | Service sent to: |
|------|------|------|------|
| Dorothy Johnson, Self-Represented | X | | c/o Dorothy J. Johnson, 4902 Angela Drive, Chattanooga, TN 37410 |
| Cliff Wilson, Attorney | | X | cwilson@howardtatelaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

10