**FILED**
**May 12, 2025**
**12:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **LANELL MCMILLIAN,** | ) | **Docket Number: 2021-02-0554** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ULG COMPANIES, LLC,** | ) | |
| **Employer,** | ) | **State File Number: 81115-2021** |
| **And** | ) | |
| **UNITED WISCONSIN INSURANCE** | ) | |
| **COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Mr. McMillian filed a request under the open medical provisions of a Compensation Order seeking payment of past unauthorized medical bills, current medical treatment, and settlement of his open medical benefits. ULG Companies, LLC filed a motion for summary judgment, which the Court heard on May 2. Mr. McMillian did not appear.

The issue is whether Mr. McMillian can present sufficient evidence that his current need for medical treatment is primarily related to his September 18, 2021, work injury. For the reasons below, the Court holds Mr. McMillian did not present the necessary evidence and ULG is entitled to summary judgment.

### Claim History

On September 18, 2021, Mr. McMillian suffered a left-leg injury that arose primarily out of and in the course and scope of his employment.

In April 2024, this Court entered a Compensation Order denying Mr. McMillian permanent disability benefits but awarding "reasonable and necessary medical benefits for [his] work-related left-ankle sprain under Tennessee Code Annotated section 50-6-204."

1

In October 2024, Mr. McMillian filed a Motion to Compel seeking reimbursement of unauthorized medical bills, medical treatment, and settlement of his open medical benefits. The parties mediated unsuccessfully.

After issuance of a dispute certification notice, the Court set scheduling deadlines, including deadlines for filing dispositive motions and the date for a compensation hearing on the record.

Later, ULG filed a Motion for Summary Judgment with a statement of undisputed material facts with citations to the record in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure.

The statement of undisputed material facts included:

1. Mr. McMillian injured his left-lower extremity on September 18, 2021, while working for ULG.
2. Mr. McMillian received authorized treatment for his left-lower extremity injuries from Dr. Paul Kerner.
3. Dr. Kerner diagnosed Mr. McMillian with a left-ankle sprain.
4. Dr. Kerner placed Mr. McMillian at maximum medical improvement without any permanent physical impairment on July 19, 2022.
5. Dr. Kerner concluded that any additional treatment is less than 50% related to the September 2021 work injury.

Mr. McMillian filed a response disputing some of the above facts, but he did not cite to the record or supply affidavits from any medical providers. He offered medical records, unauthorized medical bills, and a C-32 signed by Edwin Newman; however, he did not include a curriculum vitae showing Mr. Newman's credentials.

**Law and Analysis**

Mr. McMillian submitted unauthorized medical bills that he wants ULG to pay. He incurred these unauthorized medical bills before the 2024 Order for Summary Judgment. This claim is barred by *res judicata*.

The Supreme Court held that "res judicata, also referred to as claim preclusion, bars a second suit between the same parties on the same cause of action with respect to all issues that . . . could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.2d 363, 376 (Tenn. 2009).

The Court considers its 2024 award of summary judgment as a full and final disposition of benefits sought by Mr. McMillian except for his right to future medical treatment of his left-ankle sprain. In *Harrogate Corp. v. Systems Sales Corp.*, 915 S.W.2d

812, 816 (Tenn. Ct. App. 1995), the Court held, "[s]ummary judgment resolves the [issues] treated on their merits and is a final judgment for the purposes of *res judicata*." The Court considers Mr. McMillian's claim for payment of medical services incurred before the 2024 summary judgment order ended on the date of that order.

As to Mr. McMillian's request for medical treatment, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2024).

ULG must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the other party's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of the claim. Tenn. Code Ann. § 20-16-101 (2024); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If ULG does either or both, Mr. McMillian must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06. If Mr. McMillian does not, then "summary judgment, if appropriate, shall be entered against [him]." *Id*.

Here, ULG submitted evidence from Dr. Kerner stating Mr. McMillian's current need for medical treatment is not primarily related to his work injury. Thus, Mr. McMillian must present evidence showing a genuine issue for trial. He did not do so. He did not submit a properly completed C-32 or affidavits from medical providers showing that he needs treatment primarily caused by his work injury.

Based on these facts, ULG successfully showed that Mr. McMillian's evidence is insufficient to establish medical causation, which is an essential element of his claim. Therefore, no genuine issue of material fact exists regarding the question of causation, and the Court holds ULG is entitled to summary judgment as a matter of law.

Finally, the Court cannot order ULG to pay Mr. McMillian to close his right to future medical benefits under the Tennessee Workers' Compensation Law. Section 50-6-240(d) delegates "compromising and settling" future medical benefits solely among parties. Therefore, the Court denies Mr. McMillian's request.

Given this ruling, ULG's recently filed motions are moot, and the scheduled compensation hearing on the record is canceled.

**IT IS, THEREFORE, ORDERED as follows:**

1. The Court denies Mr. McMillan's request for payment of past unauthorized medical expenses.

2. The Court denies Mr. McMillan's request to require ULG to settle his right to future medical benefits.

3. ULG is entitled to summary judgment as a matter of law on the issue of Mr. McMillian's request for current medical treatment.

4. The Court taxes the $150.00 filing fee to ULG under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) payable to the Clerk within five business days.

5. Unless appealed, this Order shall become final 30 days after entry.

**ENTERED May 12, 2025.**

Brian K. Addington

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 12, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Lanell McMillian, Employee | | X | lannellmcm27@gmail.com |
| Allen Grant, Ben Norris, Employer's Attorneys | | X X | agrant@eraclides.com bnorris@eraclides.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*